## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KEITH BILLINGS,                         )
      Petitioner                    )
                                        )
vs.                                     )          C.A.No.  11-67Erie
                                        )
BUREAU OF PRISONS,                      )          **Magistrate Judge Baxter**
      Respondent.                   )

## MEMORANDUM OPINION[1]

**Magistrate Judge Susan Paradise Baxter**

Petitioner Keith Billings, formerly a federal prisoner incarcerated at the McKean Federal Correctional Institution in Bradford, Pennsylvania, brought the instant petition for writ of habeas corpus, challenging disciplinary action taken against him at FCI Fort Dix.  As relief, Petitioner requested that the Court reduce his sanctions by restoring good conduct time and reducing the loss of phone and email privileges.  This action was filed on March 18, 2011, and this Court has recently been informed that Petitioner has been released from federal custody. See ECF No. 15.[2]

A prisoner may seek federal habeas relief only if he is in custody in violation of the constitution or federal law.  28 U.S.C. § 2254(a); Smith v. Phillips, 455 U.S. 209 (1982); Geschwendt v. Ryan, 967 F.2d 877 (3d Cir.), cert. denied, 506 U.S. 977 (1992); Zettlemoyer v. Fulcomer, 923 F.2d 284 (3d Cir.), cert. denied, 502 U.S. 902 (1991).  The purpose of a writ of

---

[1]  In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment.  ECF Nos. 8, 11.

[2]  Petitioner has not informed this Court of his new address as it is his responsibility to do.

habeas corpus is to challenge the legal authority under which a prisoner is held in custody.  <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994); <u>Allen v. McCurry</u>, 449 U.S. 90 (1980) (the unique purpose of habeas corpus is to release the applicant for the writ from unlawful confinement); <u>Wolff v. McDonnell</u>, 418 U.S. 539 (1974) (basic purpose of the writ is to enable those unlawfully incarcerated to obtain their freedom); <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973); <u>United States v. Hollis</u>, 569 F.2d 199, 205 (3d Cir. 1977).  The writ supplies the mechanism by which prisoners may challenge the length of their custodial term.  <u>Fields v. Keohane,</u> 954 F.2d 945, 949 (3d Cir. 1992); <u>Barden v. Keohane</u>, 921 F.2d 476 (3d Cir. 1991).  The remedy is to free an inmate from unlawful custody.

Generally, a petition for habeas corpus relief becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition.  <u>Lane v. Williams</u>, 455 U.S. 624 (1982).   The general principle derives from the case or controversy requirement of Article III of the U.S. Constitution.  "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate ... the parties must continue to have a personal stake in the outcome of the lawsuit."  <u>Lewis v. Continental Bank Corp.</u>, 494 U.S. 472, 477-78 (1990).  In other words, "throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."  <u>Id.</u> at 477. <u>See</u> <u>also</u> <u>Maleng v. Cook</u>, 490 U.S. 488, 491-492 (1989)(habeas petitioner does not remain "in custody" under conviction after the sentence imposed has fully expired merely because of possibility that prior conviction will be used to enhance sentences imposed for any subsequent crimes of which he is convicted); <u>United States v. Romera-Vilca</u>, 850 F.2d 177, 179 (3d Cir. 1988) (prisoner's motion to vacate his conviction was

not mooted when he was released from custody, where he faced potential deportation as a collateral consequence of conviction).[3]

Since the filing of this petition, Petitioner has been released from federal custody.  In these circumstances, no live controversy remains.  Thus, Petitioner's claim for relief will be dismissed as moot.[4]

An appropriate Order follows.

---

[3]  The doctrine of collateral consequences is a narrow exception to the general mootness rule. The exception arises where a former prisoner can show that he will suffer some collateral legal consequences if the conviction is allowed to stand.  See Carafas v. LaVallee, 391 U.S. 234 (1968); Chong v. Dist. Dir., INS, 264 F.3d 378, 384 (3d Cir. 2001).  It is Petitioner's burden to demonstrate that collateral consequences exist to avoid having a case dismissed as moot. Spencer v. Kemna, 523 U.S. 1, 7 (1998); United States v. Kissinger, 309 F.3d 179 (3d Cir. 2002).  Here, Petitioner has not alleged any collateral consequences that should allow this case to continue despite his release from federal custody.

[4]  Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. § 2253(as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition.  Amended Section 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right."  However, federal prisoner appeals from the denial of a § 2241 habeas corpus proceeding are not governed by the certificate of appealability requirement.  United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000); 28 U.S.C. § 2253(c)(1)(B).

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEITH BILLINGS,** | ) | |
|      **Petitioner** | ) | |
| | ) | |
| **vs.** | ) | **C.A.No.  11-67Erie** |
| | ) | |
| **BUREAU OF PRISONS,** | ) | **Magistrate Judge Baxter** |
|      **Respondent.** | ) | |

## O R D E R

AND NOW, this 19th  day of January, 2012;

IT IS HEREBY ORDERED that the petition for writ of habeas corpus be dismissed as moot.  The Clerk of Courts is directed to close this case.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge